UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEANNA BARNES,

                Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:19-CV-269

UNITED STATES DEPARTMENT
OF THE ARMY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff initiated this action on April 8, 2019, against the United States Department of the Army.  (ECF No. 1).  On April 19, 2019, Plaintiff submitted a supplement to her complaint.  (ECF No. 6).  Because Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint and supplement pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**.

## BACKGROUND

        In her complaint, Plaintiff alleges the following.  Plaintiff requires her military records to obtain a variety of veterans' benefits and has been "waiting to receive [her] VA benefits since 1996."  On or about February 15, 2019, Plaintiff received a letter from the Department of the Army indicating that it was unable to locate Plaintiff's military records.  Plaintiff alleges that

the Veterans Administration has engaged in "neglect [and] carelessness with [her] records." Plaintiff requests $370,000 in damages.   In the supplement to her complaint, Plaintiff further requests that Defendant pay "ALL" her "student loan debt and purchase "2 brand new vehicles of [Plaintiff's] choosing."

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more

2

> than the mere possibility of misconduct, the complaint has alleged - but
> it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

Attached to Plaintiff's complaint is a letter authored by a representative of the Department of the Army on February 15, 2019.  (ECF No. 1-1 at PageID.5).  This communication informs Plaintiff that because she served in the Michigan National Guard, her request for records is properly directed to that organization.  The Department of the Army provided Plaintiff with the contact information to facilitate her request.  Plaintiff does not allege that she has attempted to contact the Michigan National Guard.  While Plaintiff's pleadings contain numerous conclusions and demands, such do not allege facts which state a valid claim for relief against the Department of the Army or the Veterans Administration.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint and supplement be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).

Failure to file objections within the specified time waives the right to appeal the District Court's order.

*See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 21, 2019                         /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge

4